# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JULIANNE A. RAYMOND | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 14 CV 157 |
| | ) | |
| DEBRA K. WALKER, | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

This matter comes before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction. For the reasons set forth below, the motion [17] is denied.[1]

---

[1] Defendant also argues that the complaint in this case should be dismissed for failure to state a claim upon which relief can be granted. Both parties agreed to postpone addressing these contentions until the Court ruled on the jurisdictional issue. In her reply, defendant raised for the first time the argument that the amount in controversy is not sufficient to satisfy the statutory requirement for diversity jurisdiction. Because the Court finds this argument unpersuasive (see discussion *infra*), the plaintiff need not address it.

**STATEMENT**

SUSAN E. COX, Magistrate Judge

Plaintiff filed her complaint in January of 2014, alleging a number of theories against defendant arising out of the termination of their romantic involvement. Plaintiff asserts that she is a citizen of the state of California and defendant is a citizen of the state of Illinois, thus invoking this Court's diversity jurisdiction. In her motion, defendant claims that plaintiff is pretending to be a citizen of California and is still domiciled in Illinois. The factual basis for this assertion is that plaintiff has asserted a homeowner's exemption for tax year 2013 for a property she owns in Chicago as well as references to her on two web sites, one allegedly maintained by plaintiff, describing plaintiff as a local Chicago artist whose studio also is located in Chicago. In her response, plaintiff vigorously defends her right to have her case heard in federal court and provided the Court with an affidavit and several supporting documents which are discussed further below.

The legal standards that apply to this jurisdictional dispute are clear. For diversity jurisdiction to exist, the plaintiff cannot be a citizen of the same state as the defendant.[2] In general, the inquiry looks at the diversity of citizenship at the time that the lawsuit was filed.[3] In this case, the date is January 9, 2014. As the party asserting jurisdiction, plaintiff bears the burden to prove jurisdiction by a preponderance of evidence.[4] Citizenship for purposes of diversity jurisdiction is where a party is domiciled. Domicile has two essential elements: (i) physical presence or residence in a state and (ii) an intent to remain in the state.[5] "Intent" for purpose of the second element is described as "a state of mind which must be evaluated through the circumstantial evidence of a person's manifested conduct."[6]

In this case, defendant has only scant evidence that plaintiff is not a citizen of California. She first contends that plaintiff owns property in Chicago for which she has claimed a homeowner's exemption for purposes of assessing real estate tax liability. This might be significant, but it is undisputed that this exemption is for tax year 2013. In the affidavit accompanying her response to the motion to dismiss, plaintiff admits that she lived in Illinois until October of last year when her relationship with the defendant ended. Thus, her claim to a homeowner's exemption for tax year 2013 does not contradict her domicile in California in 2014, the year the complaint was filed. Defendant also urges the Court to give weight to the fact that plaintiff is still described as a Chicago artist and has an art studio here. However, it is not surprising, given her recent move to California that she would still be referred to as a Chicago artist. Even so, it is her place of residence and not the location of her art studio which is important to the Court's analysis.

Lined up against the defendant's rather unpersuasive arguments and evidence, are a whole host of documents which plaintiff supplied along with her affidavit that show by a preponderance of evidence that plaintiff lives and is a citizen of the state California. First off, she has stated so, under oath, in her affidavit. Although defendant urges us to disregard this affidavit as "self-serving", the Court declines to do so because the testimony provided therein is supported

---

[2] *LM Ins. Corp v. Spaulding Enters. Inc,* 533 F.3d 542, 546 n. 1 (7th Cir. 2008).
[3] *See Suror Loan Servs., Inc. v. Craddieth,* 442 F.3d 872, 876 (7th Cir. 2006).
[4] *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008); *LM Ins. Corp.*, 533 F.3d at 542.
[5] *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).
[6] *Sadat v. Mertes*, 615 F.2d 1176, 1181 (7th Cir. 1980) (internal quotation marks omitted).

by other evidence provided by plaintiff. Second, plaintiff states that she left Chicago in October 2013 after she and defendant ended their romantic relationship. She states that she has not returned to Illinois since her move and does not intend to do so. She chose California because she has significant family relationships there, including her mother, step-father and brother. To bolster this testimony, plaintiff supplied the Court with a lease for a California address in her name that runs through March 2015. Although this evidence establishes the plaintiff's domicile in California, plaintiff has submitted more.

Plaintiff submitted her California driver's license with a California address and her Illinois tax return for 2012 (filed late in 2013), shows this same California address. She also has submitted a United States Post Office change of address confirmation letter for the same address. She has submitted two utility bills and an application for an animal license which refer to the same address as the place of residence for plaintiff and a 2013 mortgage interest form from her bank to that same address. Defendant's only response to this evidence is to complain that plaintiff sometime lists herself as Julianne R. Raymond and sometimes Julie Raymond and sometimes Julianne A. Raymond. But defendant is not seriously contending that these are different people who all happen to live at the identical California address? This contention lacks any logical force. The Court finds that plaintiff has met her burden to show that she is now domiciled in California for purposes of diversity jurisdiction.

The next issue, which was raised for the first time in the defendant's reply brief, is that the amount in controversy does not meet the $75,000 threshold required by the statute. Of course, to evaluate the amount in controversy, the Court must accept all of the allegations in the Complaint as true.[7] Plaintiff alleges that defendant executed a promissory note in the amount of $98,725 secured by a mortgage to become a co-owner of a certain home in Berwyn, Illinois, and defendant failed to pay on that note as required. In addition, plaintiff alleges that defendant refused to pay her for certain expenses which she had agreed to pay. Finally, plaintiff accuses defendant of converting certain personal property. The total amount of the damages claimed by plaintiff is $128,725.00.

In her reply, defendant argues the merits of the allegations to contend that the amount of controversy is not satisfied. For example, she states "no monies in the amount of $98,725.00 was extended to Defendant" which, of course, may be true, but does not alter the fact that plaintiff has adequately pled the amount needed to satisfy the statutory requirement. Defendant may well prove that plaintiff's allegations cannot be substantiated by competent evidence, but that is not an issue properly raised in a motion to dismiss.

The motion to dismiss for lack of subject matter jurisdiction is denied. Defendant is ordered to respond to defendant's motion for failure to state a claim on or before May 7, 2014 and plaintiff's reply is due on or before May 14, 2014. The Court will rule by mail. The parties are strongly urged to consider settling this case.

Date: April 29, 2014 /s/ Magistrate Judge Susan E. Cox

---

[7] *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003).